[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10440
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 8, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00108-CV-HL-7

BARBARA FENDER,

                                              Plaintiff-Appellant,

versus

CLINCH COUNTY, GEORGIA,
LANIER COUNTY, GEORGIA,
ATKINSON COUNTY, GEORGIA,
operating as Tri-County Joint Emergency 911,
TRI-COUNTY JOINT EMERGENCY 911,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(October 8, 2008)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Barbara Fender appeals the decision of the district court granting summary judgment to Atkinson County, Georgia, Clinch County, Georgia, Lanier County, Georgia (together, the "Counties") and the Tri-County Joint Emergency 911 (the "Authority") on her claim, brought under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e-2(a)(1), that the Authority failed to hire her for the position of Director of the Authority solely because of her sex. Fender contends that the court erred in refusing to count as Authority employees those employed by the Counties, so that she could establish the number of employees required to define the Association an "employer" under Title VII.

Title VII prohibits employers, including local, state or governmental entities, from discriminating during the hiring process on the basis of sex. See 42 U.S.C. § 2000e-2(a); see also Rioux v. City of Atlanta, Ga., 520 F.3d 1269 (11th Cir. 2008) (an employment discrimination suit applying Title VII to a local governmental entity). Title VII, however, limits the definition of an "employer" to entities that have "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The "employee-numerosity requirement" is an element of a

2

plaintiff's claim for relief, rather than a jurisdictional issue.  Arbaugh v. Y & H

Corp., 546 U.S. 500, 515, 126 S.Ct. 1235, 1245, 163 L.Ed.2d 1097 (2006).

In Lyes v. City of Riviera Beach, Florida, 166 F.3d 1332 (11th Cir. 1999)

(en banc), we addressed the appropriate test for determining whether separate local

government entities should be aggregated as a single employer for the purposes of

meeting the statutory definition of "employer" under Title VII. Id. at 1341.  We

held that "where a state legislative body creates a public entity and declares it to be

separate and distinct, that declaration should be entitled to a significant degree of

deference, amounting to a presumption that the public entity is indeed separate and

distinct for purposes of Title VII." Id. at 1344.  If a "fact finder reasonably could

conclude the plaintiff has *clearly* overcome the presumption" that the entities are

separate, the employees are aggregated.  Id. at 1345 (emphasis in original).  The

standard is high, however, and the presumption is only overcome with strong

evidence.  See id.[1]

Lyes articulated two ways to rebut the presumption against aggregating the

employees of separate government entities.  See Lyes, 166 F.3d at 1345.  First, a

plaintiff may rebut it by presenting evidence that a governmental entity was created

---

[1] A separate test applies to determine if multiple parties constitute a "joint employer." See e.g., Virgo v. Riviera Beach Assoc., Ltd., 30F.3d 1350, 1359-60 (11th Cir. 1994).  Because Fender did not raise this before the district court and does not do so on appeal, any claim in this respect is deemed waived.

or maintained to evade federal employment discrimination law. See id. at 1344. Second, and absent an evasive purpose, a plaintiff can show that a reasonable fact finder could conclude that the presumption is clearly outweighed. See id. at 1345-46. The plaintiff must show it is outweighed by "factors manifestly indicating that the public entities are so closely interrelated with respect to control of the fundamental aspects of the employment relationship that they should be counted together under Title VII." Id. at 1345. Relevant factors in this analysis include, but are not limited to: centralized control of operations; authority to hire, transfer, promote, discipline or discharge; authority to establish work schedules or direct assignments; and obligation to pay the plaintiff. See id. We noted that "the source of a governmental entity's funding is a poor indication of whether it should be aggregated with another." Id. at 1346 n.10.

Under Georgia law, two or more counties may create a joint authority for the purpose of operating emergency 911 systems. See 1993 Ga. Laws 1368, amended by 1998 Ga. Laws 1017 (current version at Ga. Code Ann. § 46-5-138 (Supp. 2007)). An authority created under this statute has "all of the powers necessary or convenient to carry out and effectuate" the provision of emergency 911 services, including the power to "bring and defend actions" and "to make and execute contracts." Ga. Code Ann. § 46-5-138(c).

4

Since the Authority has never had more than fifteen employees, and Fender has not presented evidence either establishing that the Counties created or maintained the Authority to evade Title VII or clearly overcoming the presumption that the Authority and the Counties are separate entities, the district court did not err in granting the defendants' motion for summary judgment.

AFFIRMED.